1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16

| | |
|---|---|
| JOHN FENTON PARKINSON,<br>                              Plaintiff,<br>v.<br><br>DAN PARAMO, Warden,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 11cv2976-AJB (JMA)<br><br>ORDER: (1) ADOPTING REPORT<br>AND RECOMMENDATION [Doc.<br>No. 12]; (2) DENYING PETITION;<br>AND (3) DENYING CERTIFICATE<br>OF APPEALABILITY<br><br>[Doc. No. 1 and 12] |

17   Before the Court is John Parkinson's Petition for writ of habeas corpus pursuant to 28 U.S.C. §

18   2254 and the Respondent's response to the Petition, filed March 28, 2012. (Doc. No. 12.) Petitioner filed

19   an opposition on April 21, 2011. (Doc. No. 15.)  The Court referred the matter to Magistrate Judge Jan

20   M. Adler, who issued a Report and Recommendation ("R&R") recommending the Court deny the

21   Petition on the merits. (R&R, Doc. No. 12.)

22   Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's

23   duties in connection with a magistrate judge's report and recommendation.  The district judge  must

24   "make a *de novo* determination of those portions of the report to which objection is made," and "may

25   accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate

26   judge." 28 U.S.C.  § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

27   However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear

28

11cv2976

error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party has timely filed objections to Magistrate Judge Adler's Report and Recommendation. Having reviewed the report and recommendation, the Court finds that Magistrate Judge Adler's Report and Recommendation is thorough, well reasoned, and contains no clear error. The Court also finds that the Petitioner has failed to demonstrate that the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Adler's Report and Recommendation; (2) **DENIES** the Petition on the merits, and (3) **DECLINES** to issue a certificate of appealability.[1]

IT IS SO ORDERED.

DATED: October 4, 2012

_____

Hon. Anthony J. Battaglia
U.S. District Judge

---

[1] When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).